**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| | : | Case No.: 19-11104 BLS |
| EDGEMARC ENERGY HOLDINGS, | : | Doc. No. |
| LLC, ET AL. | : | Related to Hearing Date on June 17, 2019 at |
| Debtor | : | 10:00 a.m. |
| _____ | : | |
| | : | |
| EUREKA MIDSTREAM, LLC, | : | |
| f/k/a EUREKA HUNTER PIPELINE, LLC, | : | |
| AND EQM GATHERING OPCO, LLC, | : | |
| | : | |
| Movants, | : | |
| | : | |
| EM ENERGY OHIO, LLC and | : | |
| EDGEMARC ENERGY HOLDINGS, | : | |
| LLC, | : | |
| | : | |
| Respondents. | : | |

**MOTION TO PERMIT FILING OF LIMITED OBJECTION AND RESERVATION TO
MOTION OF DEBTORS FOR ENTRY OF ORDERS (I)(A) APPROVING BIDDING
PROCEDURES FOR SALE OF DEBTORS' ASSETS, (B) APPROVING STALKING
HORSE PROTECTIONS, (C) SCHEDULING AUCTION FOR AND HEARING TO
APPROVE SALE OF DEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF
NOTICES OF SALE, AUCTION AND SALE HEARING, (E) APPROVING
ASSUMPTION AND ASSIGNMENT PROCEDURES AND F. GRANTING RELATED
RELIEF AND (II)(A) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR
OF LIENS, CLAIMS, INTEREST AND ENCUMBRANCES AND (B) AUTHORIZING
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND (C) GRANTING RELATED RELIEF**

AND NOW comes Movants, Eureka Midstream, LLC f/k/a Eureka Hunter Pipeline, LLC

and EQM Gathering OPCO, LLC, by and through its counsel, and files the following Motion to

Permit Filing of Limited Objection and Reservation to Motion of Debtors for Entry of Orders

(I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving Stalking Horse

Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Debtors' Assets,

(D) Approving Form and Manner and Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interest and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief (hereinafter referred to as "Debtors' Motion"), averring as follows:

## I.     PARTIES

1. On May 15, 2019, Debtors Edgemarc Energy Holdings, LLC and EM Energy Ohio, LLC (hereinafter "Debtors") filed for relief under Chapter 11 of the United States Bankruptcy Code.

2. Eureka Midstream, LLC f/k/a Eureka Hunter Pipeline, LLC ("Eureka") is a Delaware Limited Liability Company providing natural gas gathering services and Eureka is a party to a Gas Gathering Services Agreement (hereinafter "GGSA") with Debtor, EM Energy Ohio, LLC.  A true and correct copy of the Gas Gathering Services Agreement is attached as **Exhibit A**.

3. EQM Gathering OPCO, LLC ("EQM) is a Delaware limited liability company which is a subsidiary of the parent of Eureka, and which is a party to a Produced Water Sharing and Cooperation Agreement with Debtor, Edgemarc Energy Holdings, LLC.  A true and correct copy of the Produced Water Sharing and Cooperation Agreement is attached as **Exhibit B**.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as Amended Standing Order of Reference dated February 29, 2012 and F.R.B.P. 9006(b).

5. This matter arises in, under, or is related to Debtors' bankruptcy under 28 U.S.C. §157.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. STATEMENT OF RELEVANT FACTS

7. On March 27, 2015, Eureka and EM Energy Ohio, LLC entered into the GGSA for a term of 15 years, with automatic renewals thereafter, which provides Eureka with a dedicated real property interest and is a covenant running with the land in certain committed mineral acreage and dry gas produce in Monroe and Washington Counties, Ohio as follows:

> 2.5   Dedication of Committed Mineral Acreage. For the Term of this Agreement, or if the Term of any applicable Individual Transaction Confirmation exceeds the Term of this Agreement, then for the Term of such ITC but only with respect to the Committed Mineral Acreage to be serviced pursuant to such ITC, and subject to the provisions hereof, **Shipper hereby exclusively dedicates and commits to Gatherer for gathering services hereunder (or shall cause to be dedicated and committed to Gatherer for gathering services hereunder), all Dry Gas produced from the Committed Mineral Acreage as shown and defined on Exhibit D.** During the term of any applicable Individual Transaction Confirmation, Shipper agrees not to disconnect or split-connect any wells from Gatherer's Gathering System. **Notwithstanding anything to the contrary, unless such dedication is otherwise waived or released in writing by Gatherer hereunder, any assignment or transfer (in whole or in part, including any farmout agreement or other similar or related arrangement) of any or all of the Committed Mineral Acreage or rights thereto shall include an express provision stating that (a) such assignment or transfer is made subject to the terms of this commitment and this Agreement, and (b) the assignee or transferee agrees to become a party to, and bound by, the terms and conditions set forth in this Agreement, such that all of the Committed Mineral Acreage remain dedicated to this Agreement for the term hereof.** In the event Gatherer declines to extend the Lean Gas Gathering System to a Receipt Point, or fails to provide such facilities or services within any applicable period of time pursuant to an Individual Transaction Confirmation, at Shipper's election and without waiving any other rights or remedies Shipper may have, the associated acreage will be released from the dedicated Committed Mineral Acreage. **The provisions of Article 2.5 shall be covenants running with the land, and Shipper shall ensure that any conveyance, assignment, sale or other transfer of all or a portion of the interests owned by Shipper or its Affiliates covered by this**

**Agreement shall be subject hereto in accordance with applicable law. Shipper shall require any purchaser, assignee or other transferee of any portion of those interests to ratify this Agreement and to expressly assume and agree to the terms hereof to the extent of the portion of those interests acquired from Shipper or its Affiliates by that party. (emphasis added).**

2.6    Committed Mineral Acreage. *"Committed Mineral Acreage"* means all mineral acreage Shipper is dedicating to this Agreement as set forth on Exhibit D attached hereto, and subject to Article 2.5, 2.6, and 2.7, as well as such other mineral acreage that Shipper may from time-to-time add within the boundary identified on Exhibit D hereto.

2.7    Dedicated Gas.    Subject to any existing dedications in favor of third-parties, all Dry Gas produced that is either attributable to interests now owned, controlled or hereafter acquired by Shipper and located within, or is from wells operated by Shipper and located on lands within the area of the Committed Mineral Acreage or, subject to any existing dedications in favor of third-parties, on lands pooled, unitized or communitized wholly or partly within any portion of the Committed Mineral Acreage, or is attributable to third parties that is produced from a well that is operated by Shipper located within the Committed Mineral Acreage and from wells which Shipper have the right to control, market, and deliver Dry Gas for gathering. For avoidance of doubt, the parties agree that this Agreement shall not cover or apply to any Wet Gas produced by Shipper and, unless expressly provided otherwise herein, any reference to "Gas" or "Natural Gas" shall be deemed to mean Dry Gas only.

8.    On May 15, 2019, Debtors filed a Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Debtors' Assets, (D) Approving Form and Manner and Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interest and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief.

9. Thereafter, on May 16, 2019, Debtors issued a Notice of Hearing on Debtors' Motion with an objection deadline of May 30, 2019 and a final hearing date of June 17, 2019 at 10:00 a.m.

10. On June 4, 2019, Counsel entered appearance for the Movants shortly after Movants learned that their prior counsel had a conflict with representation of Movants in this bankruptcy. *See* dkt. 129, 130 & 138.

11. Movants seek to file a Limited Objection and Reservation to the Debtors' Motion in furtherance of the protection of their rights and interests under the GGSA, particularly with respect to Debtors' proposed Bidding Procedures, Assignment and Assumption of Contracts and a Free and Clear Sale.

### IV.    ARGUMENT

**A. The Court Should Expand the Objection Period for Movants due to Excusable Neglect and for Cause and Deem Timely Movant's Limited Objection and Reservation to Debtors' Motion under F.R.B.P. §9006(b) and 11 U.S.C. §105.**

12. Movants incorporate paragraphs 1-11 of their Motion as if set forth at length.

13. Pursuant to Local Rule 9006-1(c)(ii), an objection deadline may be established no earlier than fourteen (14) days after the date of service of the motion and no later than seven (7) days before the hearing date.

14. Pursuant to F.R.B.P. 9006(b), which is incorporated by Local Rule 9006-1(a), for cause shown the Court may in its discretion enlarge an objection period before the expiration of that period, or the Court may enlarge the objection period upon Motion after the expiration of the period when the failure to act was the result of excusable neglect.

15. Pursuant to 11 U.S.C .§105, the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

16.     The United States Supreme Court has enumerated four factors for evaluating when neglect is excusable:

      1.     Danger of prejudice to the Debtor;

      2.     The length of delay and the resulting potential impact on judicial proceedings;

      3.     The reason for the delay including whether the delay was within the reasonable control of Movant; and

      4.     Whether the Movant acted in good faith.

*In re Cable & Wireless USA, Inc.*, 338 B.R. 609 Bankruptcy Delaware 2006, citing *Pioneer Investments Services Company v. Brunswick Associated Limited Partnership*, 507 U.S. 380 1993.

17.     Moreover, a flexible understanding of excusable neglect in in accordance with the policies underlying Chapter 11 and the Bankruptcy Rules. *Pioneer, supra.*

18.     Permitting Movants to file a Limited Objection and Reservation to Debtors' Motion does not provide any danger of prejudice to the Debtor, as it is filed within seven days of the final hearing and before any final order, bid, assumption, confirmation or sale.

19.     Per the Notice of Hearing, Objection to Debtors' Motion were due May 30, 2019, only 15 days after the case was filed, and this Motion, along with the Limited Objection and Reservation, has been filed shortly after the expiration of the objection period. The length of delay and the resulting impact on the proceedings at this stage of the bankruptcy is minimal.

20.     The delay in responding by the May 30, 2019 deadline was due to Movants learning its prior counsel discovered a conflict of interest. Movants moved diligently thereafter to obtain new counsel and bring the issue before the Court. The conflict issue with prior counsel was not within Movants' control.

21.     Movants are acting in good faith in bringing this Motion in a timely manner and the Limited Objection and Reservation is based on meritorious grounds.

22. In Ohio, covenants running with the land have three requirements: 1) intent for the covenant to run with the land; 2) the covenant touches and concerns the land; and 3) privity. *LuMac Dev. Corp v. Buck Point Ltd. Partnership* (1988), 61 Ohio App.3d 558, 562, 57. N.E. 2d 681.

23. It is clear that the parties to the GGSA had intent to create a real property interest and covenant running with the land through dedication of the committed mineral acreage and dry gas to Eureka. Further, as set forth in the GGSA, the parties intended to bind successors by the interest and covenant, as any assignment, transfer, sale or conveyance of the GGSA must be made explicitly subject to the terms of the GGSA and the interest and covenant. Moreover, the covenant touches and concerns the land, providing value to the land and to any successor or transferee, and the parties are all in privity.

24. Alternatively, an equitable servitude was created. An equitable servitude is a restriction on land use enforceable in equity where (1) the parties agreement demonstrates an intent to bind successors to the land, (2) the agreement is within the statute of frauds, (3) the party who agreed to burden the land and his or her successors are in vertical privity, (4) the promise touches and concerns the land and (5) successors in interest must take with actual or constructive notice of the burden. *City of Perryburg v. Koenig*, 1995 WL 803592 (6th. Dist. No. WD-95-011, 1995).

25. Movants' neglect in meeting the May 30, 2019 objection deadline is excusable. Movants have established a meritorious basis for their Limited Objection and Reservation and cause for their Limited Objection and Reservation to be deemed timely.

WHEREFORE, Movants respectfully request that this Honorable Court enter the attached Proposed Order deeming the Movants' Limited Objection and Reservation to Motion of Debtors

for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Debtors' Assets, (D) Approving Form and Manner and Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interest and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief as being timely filed.

Respectfully submitted,

BURNS WHITE LLC

Date: June 10, 2019

/s/ William M. Buchanan
William M. Buchanan, Esquire
Pa. Id. No. 202843

Burns White Center
48 26th Street
Pittsburgh, PA 15222
T: (412) 995-3088
F: (412) 995-3300
wmbuchanan@burnswhite.com

/s/ Maria R. Granaudo Gesty
Maria R. Granaudo Gesty, Esquire
Delaware Corporate Center I
1 Righter Parkway, Suite 130
Wilmington, DE 19803
T: (302) 295-2260
F: (302) 295-2251
mrgranaudo@burnswhite.com

*Counsel for Eureka Midstream, LLC f/k/a Eureka Hunter Pipeline, LLC and EQM Gathering OPCO, LLC*