# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDGEMARC ENERGY HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-11104 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. No. 19** |

### ORDER (I) APPROVING BIDDING PROCEDURES FOR SALE OF DEBTORS' ASSETS, (II) SETTING PROCEDURES TO SEEK STALKING HORSE BID PROTECTIONS, (III) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF DEBTORS' ASSETS, (IV) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION AND SALE HEARING, (V) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (VI) GRANTING RELATED RELIEF

Upon the motion (the "Sale Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order, pursuant to sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006 and 9014 and Local Bankruptcy Rules 2002-1, 6004-1 and 9006-1, (I) authorizing and approving the Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, in connection with the sale of the Assets, (II) authorizing the Debtors to grant the Bid Protections in accordance with the terms and conditions set forth in the Bidding Procedures, (III) scheduling the Auction and the Sale Hearing to consider approval of the proposed Sale, (IV) authorizing and approving the Noticing Procedures and (V) approving the Assumption and Assignment Procedures, in each case, as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: EdgeMarc Energy Holdings, LLC (6900), EM Energy Manager, LLC (5334), EM Energy Employer, LLC (8026), EM Energy Ohio, LLC (6935), EM Energy Pennsylvania, LLC (1541), EM Energy West Virginia, LLC (3771), EM Energy Keystone, LLC (7506), EM Energy Midstream Ohio, LLC (1268) and EM Energy Midstream Pennsylvania, LLC (3963). The Debtors' corporate headquarters and mailing address is 1800 Main Street, Suite 220, Canonsburg, PA 15317.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Sale Motion or the Bidding Procedures.

more fully described in the Sale Motion; and the Court having reviewed and considered the Sale Motion, the Ross Declaration and the First Day Declaration; and the Court having held a hearing on the Sale Motion (the "<u>Bidding Procedures Hearing</u>"); and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    The Court has jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue of the Chapter 11 Cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Debtors' proposed notice of the Sale Motion, the Bidding Procedures, the Bidding Procedures Hearing and the proposed entry of this Order is (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and (iii) adequate and sufficient under the circumstances of the Chapter 11 Cases, and no other or further notice is required, except as set forth herein. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion

(including, without limitation, with respect to the Bidding Procedures and Expense Reimbursement Amount) has been afforded to all interested persons and entities, including, but not limited to, the Notice Parties; provided, however, that the rights of all parties in interest to object to the sale of the Debtors' assets, to the assumption and assignment of executory contracts and unexpired leases, and to any Bid Protections that may be proposed by the Debtors through the Supplement (as defined below), by the deadlines set forth herein, are fully reserved.

D. The Bidding Procedures in the form attached hereto as **Exhibit 1** are fair, reasonable and appropriate, are designed to maximize creditor recoveries from a sale of the Assets and permit the Debtors to comply with their obligations under the DIP Credit Agreement, the Interim Order and the Final Order (as each is defined in the DIP Motion).

E. The Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order and thereby: (i) approve of the Bidding Procedures, (ii) authorize the procedures set forth herein for approval of any Bid Protections to be sought by the Debtors upon the selection of a Stalking Horse Bidder, (iii) set the dates of the Bid Deadline, Auction (if needed), Sale Hearing and other deadlines set forth in the Bidding Procedures, (iv) approve the Noticing Procedures and the forms of notice and (v) approve the Assumption and Assignment Procedures and the forms of relevant notice. Such compelling and sound business justification, which was set forth in the Sale Motion, the Ross Declaration, the First Day Declaration and on the record at the Bidding Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

F. The legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest herein.

G. The Bidding Procedures comply with the requirements of Local Rule 6004-(1)(c).

H. The form and manner of notice to be delivered pursuant to the Noticing Procedures and the Assumption and Assignment Procedures (including the Sale Notice attached hereto as **Exhibit 2** and the Potential Assumption and Assignment Notice attached hereto as **Exhibit 3**) are reasonably calculated to provide each Contract Counterparty to the Transferred Contracts with proper notice of the potential assumption and assignment of such Transferred Contracts by the Successful Bidder(s) or any of their known proposed assignees (if different from the Successful Bidder) and the requirement that each such Contract Counterparty assert any objection to the proposed Cure Claims prior to the Assumption and Assignment Objection Deadline or otherwise be barred from asserting claims arising from events occurring following assumption and assignment of such Transferred Contracts, except as set forth below in paragraph 22.

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Sale Motion is hereby granted to the extent set forth herein.

2. All objections to the Sale Motion solely as it relates to the relief requested therein that have not been adjourned, withdrawn or resolved are overruled in all respects on the merits; provided, however, that the right of all parties in interest to object to the sale of the Debtors' assets, to assumption and assignment of executory contracts and unexpired leases, and to any Bid Protections that may be proposed by the Debtors, by the deadlines set forth herein, are fully reserved.

3. The Bidding Procedures, in the form attached hereto as **Exhibit 1**, are approved and fully incorporated into this Order and the Debtors are authorized to take all actions necessary

or appropriate to implement the Bidding Procedures and to act in accordance therewith. The failure to specifically include a reference to any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

4. Subject to entry of the Stalking Horse Approval Order and final Court approval at the Sale Hearing, the Debtors are authorized to enter into a stalking horse purchase agreement with a Stalking Horse Bidder prior to the Bid Deadline.

5. The schedule of events set forth below relating to the Bidding Procedures is hereby approved in its entirety:

| Date | Event |
| --- | --- |
| June 17, 2019, at 10:00 a.m. | Bidding Procedures Hearing |
| Within three (3) Business Days after entry of this Order | Deadline for Debtors to serve notice of sale hearing and notice of entry of bid procedures order |
| July 24, 2019, at 5:00 p.m. | Deadline for Debtors to (i) file the Supplement identifying any Stalking Horse Bidder, and seeking any Bid Protections; (ii) file the form of asset purchase agreement (including the form schedules to be attached thereto)[3] and form of sale order; and (iii) serve the Potential Assumption and Assignment Notice |
| August 14, 2019, at 5:00 p.m. | Bid Deadline |
| August 21, 2019, at 4:00 p.m. | Sale Objection Deadline; Assumption and Assignment Objection Deadline; Service of Notices of Qualified Bidder Status |
| On or after August 23, 2019, at 10:00 a.m. | Auction |
| As soon as reasonably practicable after the Auction is completed, and in any case no later August 26, 2019, at 4:00 p.m. | Deadline for Debtors to file and serve the Notice of Auction Results |
| Prior to or at Sale Hearing | Adequate Assurance Objection Deadline |
| August 28, 2019, at 11 a.m. (or such later time as the Debtors may be heard) | Sale Hearing |

---

[3] The Debtors reserve the right to seek to file the schedules to the form of asset purchase agreement (or a subset thereof) under seal.

5

6. <u>Noticing Procedures</u>. The Noticing Procedures as set forth in this Order, including the form of Sale Notice attached hereto as **Exhibit 2**, is hereby approved. Within three (3) Business Days after entry of this Order, the Debtors shall serve the Sale Notice by first-class mail upon the Sale Notice Parties.[4] On or about the same date, the Debtors will publish the Sale Notice on the Case Information Website, under a separate tab for sale related filings (the "<u>Sale Tab</u>") and will also publish a notice substantially similar to the Sale Notice in the *Wall Street Journal* or other similar national publication. Service of the Sale Notice on the Sale Notice Parties and publication thereof in the manner described in the Order constitutes good and sufficient notice of the Auction and the Sale Hearing. No other or further notice is required.

7. <u>Sale Objections</u>. Objections to the Sale must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than **August 21, 2019, at 4:00 p.m.**[5] and (d) be served on (i) proposed counsel for the Debtors, (y) Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, New York 10017, Attn: Darren S. Klein (darren.klein@davispolk.com) and Aryeh Falk (aryeh.falk@davispolk.com) and (z) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kerri K. Mumford (mumford@lrclaw.com), (ii) counsel to KeyBank National Association, the administrative agent under the Debtors' prepetition secured

---

[4] The Sale Notice Parties are as follows: (a) the U.S. Trustee; (b) each of the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (c) KeyBank National Association, the administrative agent under the Debtors' proposed postpetition secured credit facility and prepetition secured credit facility; (d) the Debtors' prepetition equity owners; (e) the United States Attorney's Office for the District of Delaware; (f) the attorneys general for the states in which the Debtors conduct business; (g) local and state environmental authorities and the Environmental Protection Agency; (h) the Federal Energy Regulatory Commission; (i) counsel for the committee appointed in the Chapter 11 Cases (the "<u>Committee</u>"); (j) all entities known to have expressed an interest in a transaction with respect to the Assets; (k) the Internal Revenue Service; (l) all known taxing authorities to which the Debtors are subject; (m) all entities known or reasonably believed to have asserted a Lien on any of the Assets; (n) counterparties to the Debtors' executory contracts and unexpired leases; (o) those entities and individuals appearing on the Debtors' creditor matrix; and (p) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

[5] All times set forth herein are prevailing Eastern Time.

credit facility, Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, TX 77002, Attn: Tad Davidson (taddavidson@huntonak.com) and Joseph Rovira (josephrovira@huntonak.com), (iii) counsel to the Committee (y) Brown Rudnick LLP, 7 Times Square, New York, NY 10036, Attn: Robert Stark (rstark@brownrudnick.com) and Andrew Carty (acarty@brownrudnick.com) and (z) Morris, Nichols, Arsht & Tunnel LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Robert J. Dehney (rdehney@mnat.com) and (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov) (collectively, the "Objection Notice Parties").

8. <u>Stalking Horse Bidder and Bid Protections</u>. The Debtors, in consultation with the Committee and DIP Agent, may select a Stalking Horse Bidder for substantially all of the Debtors' assets or any grouping or subset of the Debtors' assets. If the Debtors seek to provide Bid Protections for any Stalking Horse Bidder, the Debtors shall file a supplement to the sale motion (a "Supplement") seeking approval of the same, with no less than ten (10) calendar days' notice of the objection deadline to the U.S. Trustee, the DIP Agent, the Committee, and those parties who have filed the appropriate notice pursuant to Bankruptcy Rule 2002 requesting notice of all pleadings filed in the Chapter 11 Cases (the "Stalking Horse Notice Parties") with no further notice being required, provided that the Supplement sets forth the Stalking Horse Bid, the proposed Bid Protections and the purchase agreement finalized with the Stalking Horse Bidder.

9. <u>Objections to Stalking Horse Bidder</u>. Objections to the designation of a Stalking Horse Bidder or any of the terms of a Stalking Horse Bid shall (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity,

the legal and factual bases thereof and (d) be filed with the Court and served on the Objection Notice Parties within ten **(10) calendar days after the service of the Supplement.**

10. If a timely Stalking Horse Objection is filed, the Debtors will schedule a hearing regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse Bid on or before August 8, 2019 (but in no event fewer than ten (10) calendar days after the service of the Supplement). If no timely Stalking Horse Objection is filed and served with respect to the Stalking Horse Bid, upon the expiration of the objection deadline, the Debtors will submit the Stalking Horse Approval Order to the Court, which may enter such order without a hearing, including with respect to any Bid Protections set forth in the Supplement. For the avoidance of doubt, no determination is made in this Order with regards to authorizing any Bid Protections.

11. <u>Adequate Assurance Information</u>. Upon request, Debtors' counsel shall promptly provide Adequate Assurance Information (as defined in the Bidding Procedures) for the Stalking Horse Bidder or the Successful Bidder (if different from the Stalking Horse Bidder) to any Contract Counterparty that requests it.[6]

12. <u>Bid Deadline</u>. As further described in the Bidding Procedures, the Bid Deadline shall be at **5:00 p.m. on August 14, 2019**.

13. <u>Auction</u>. In the event the Debtors receive, on or before the Bid Deadline, one or more Qualified Bids, an Auction shall be conducted at the offices of Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, New York 10017 at **10:00 a.m. on August 23, 2019**, or

---

[6] The Debtors shall provide U.S. Specialty Insurance Company ("U.S. Specialty") with the name and contact details of, and Adequate Assurance Information for (i) counsel to the Stalking Horse Bidder promptly after the service of the Supplement and (ii) the Successful Bidder and the Alternate Bidder promptly after the service of the Notice of Auction Results. If and to the extent that the Debtors receive from the Stalking Horse Bidder, the Successful Bidder or the Alternate Bidder such bidder's transition plan for replacing the Surety Contracts, the Debtors shall provide such information to counsel to U.S. Specialty.

such later time on such day or such other place as the Debtors shall notify all Qualified Bidders, as well as any creditors who notify the Debtors' counsel that they intend to attend the auction and provide their email address or fax number. The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures.

14. <u>Cancellation of Auction</u>. If the Debtors receive no more than one (1) Qualified Bid, the Debtors, in their Permitted Discretion (as defined in the Bidding Procedures), shall (i) notify all Potential Bidders, any creditors who notify the Debtors' counsel that they intend to attend the auction, and file with the Bankruptcy Court a notice that (a) the Auction is cancelled and (b) such Qualified Bid is the Successful Bid, and (ii) if applicable, seek authority at the Sale Hearing to consummate the Sale transactions with such Qualified Bidder contemplated by its Qualified Bidder Purchase Agreement.

15. <u>Sale Hearing</u>. The Sale Hearing shall be held in the United States Bankruptcy Court for the District of Delaware, Courtroom No. 1, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801, on **August 28, 2019 at 11:00 a.m** or such other date and time that the Court may later direct; *provided, however*, that the Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by filing a notice on the Court's docket.

16. <u>Credit Bid</u>. The DIP Secured Parties shall be deemed Qualified Bidders and shall have the right to credit bid, in accordance with the DIP Documents and subject in all respects to the Committee's challenge rights under the Final DIP Order and the Carve-Out, up to the full amount of the DIP Obligations in any sale contemplated by the Bid Procedures pursuant to section 363(k) of the Bankruptcy Code; *provided,* that if the DIP Secured Parties submit a bid for any of the Assets, the DIP Agent shall cease being a consultation party as set forth in the Bidding

Procedures. Each of the Prepetition Secured Parties shall be deemed Qualified Bidders and shall have the right to credit bid up to the full amount of the applicable Prepetition Secured Debt, subject in all respects to the Committee's challenge rights under the Final DIP Order and the Carve-Out, in any sale contemplated by the Bid Procedures pursuant to section 363(k) of the Bankruptcy Code.

17.     Assumption and Assignment Procedures. The assumption and assignment procedures set forth in the Sale Motion and as modified by this Order (the "Assumption and Assignment Procedures") are hereby approved.

18.     No later than **July 24, 2019, at 5:00 p.m.**, the Debtors shall file with the Court, and cause to be published on the Case Information Website, under the Sale Tab, the Potential Assumption and Assignment Notice and the Executory Contract List, with the cure amounts for each Executory Contract, in the form annexed hereto as **Exhibit 3**. If it is discovered that an Executory Contract should have been included on the Executory Contract List but was not, or in the event that the Debtors seek to modify a Cure Claim, the Debtors will promptly file with the Court a revised Executory Contract List.

19.     Within one (1) Business Day of the filing of the Executory Contract List (or any revised Executory Contract List) with the Court, the Debtors shall also serve the Potential Assumption and Assignment Notice and the Executory Contract List (and, if applicable, the Supplement) on each relevant Contract Counterparty and all other parties requesting notice pursuant to Bankruptcy Rule 2002, via first class mail or electronic mail.

20.     Objection Deadlines. Any Contract Counterparty may file an objection to the calculation of Cure Claims with respect to the Contract Counterparty's Executory Contracts, or to the assumption and assignment to the Stalking Horse Bidder of the Contract Counterparty's

10

Executory Contracts, including with respect to adequate assurance of future performance of the Stalking Horse Bidder (any such objection, an "Assumption and Assignment Objection"). All Assumption and Assignment Objections filed by Contract Counterparties listed on the Executory Contract List (or any revised Executory Contract List) filed with the Court pursuant to paragraph 18 hereof must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Claims the Contract Counterparty believes is required to cure defaults under the relevant Assumed Contract, (d) be filed by no later than **August 21, 2019, at 4:00 p.m.** (the "Assumption and Assignment Objection Deadline") and (e) be served on the Assumption and Assignment Objection Notice Parties specified in the Form of Potential Assumption and Assignment Notice.

21. <u>Resolution of Assumption and Assignment Objections</u>. If a Contract Counterparty files a timely Assumption and Assignment Objection by the Assumption and Assignment Objection Deadline and such objection is not resolved among the parties prior to the Sale Hearing, the Court will hear and determine such objection at the Sale Hearing, or at such later date and time as the Debtors and the Contract Counterparty may agree.

22. <u>Failure to File Timely Assumption and Assignment Objection</u>. If a Contract Counterparty fails to file with the Court and serve on the Assumption and Assignment Objection Notice Parties specified in the Form of Potential Assumption and Assignment Notice a timely Assumption and Assignment Objection, the Contract Counterparty shall be forever barred from asserting any such objection with regard to the assumption or assignment of its Assumed Contract, and notwithstanding anything to the contrary in the Assumed Contract, or any other document, the Cure Claims set forth in the Potential Assumption and Assignment Notice shall be

controlling and will be the only amount necessary to cure outstanding defaults under the applicable Assumed Contract under section 365(b) of the Bankruptcy Code arising out of or related to any events occurring prior to the closing of the Sale, whether known or unknown, due or to become due, accrued, absolute, contingent or otherwise, and the Contract Counterparty shall be forever barred from asserting any additional cure or other amounts with respect to such Assumed Contract against the Debtors, the Successful Bidder or the property of any of them, except that a counterparty to an Assumed Contract shall not be barred from seeking additional cure amounts on account of any defaults occurring between the service of the Potential Assumption and Assignment Notice and the assumption of the contract.

23. As soon as reasonably practicable after the close of the auction, and in any case no later than 4:00 p.m. (prevailing Eastern Time) on August 26, 2019, the Debtors shall (a) file the Notice of Auction Results with the Court (which notice shall identify the Successful Bidder, the amount of the Successful Bid, and the Alternate Bidder and the amount of the Alternate Bid(s), and include the list of assumed Executory Contracts submitted with the Successful Bidder's Qualified Bid), (b) cause the Notice of Auction Results to be published on the Case Information Website under the Sale Tab, and (c) serve the Notice of Auction Results by email, fax or (if neither is available) overnight mail to all counterparties to Assumed Contracts and Adequate Assurance Information for the Successful Bidder on (i) each Contract Counterparty for a contract designated by the Successful Bidder for assumption and assignment, and (ii) each Contract Counterparty to any known Contract that may later be designated by the Successful Bidder for assumption and assignment, in each case by email, fax or (if neither is available) overnight mail. Objections of any Contract Counterparty related solely to the adequate assurance of future performance provided by the Successful Bidder, if the Successful Bidder is not the

Stalking Horse Bidder (any such objection, an "Adequate Assurance Objection"), must be made **prior to or at the Sale Hearing** (the "Adequate Assurance Objection Deadline").[7]

24. The Contract Counterparties shall not use any Adequate Assurance Information for any purpose other than to (i) evaluate whether adequate assurance requirements under Bankruptcy Code section 365(f)(2)(B) and, if applicable, Bankruptcy Code section 365(b)(3), have been satisfied, and (ii) to support any objection to adequate assurance filed by the Contract Counterparty.

25. For the avoidance of doubt, the rights of all parties in interest (including the Debtors and the Committee) with respect to the allocation of sale proceeds among the Debtors' assets are expressly reserved.

26. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

27. Compliance with the notice provisions set forth herein shall constitute sufficient notice of the Debtors' proposed sale of the Debtors' assets free and clear of liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f) and otherwise, and except as set forth in this Order, no other or further notice of the sale shall be required to be provided by the Debtors.

28. The Sale Hearing may be continued, from time to time, without further notice to creditors or parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing and/or by filing a notice of the same with the Court.

29. No Qualified Bidder or any other person or entity, other than the Stalking Horse Bidder, if approved by the Court, shall be entitled to any expense reimbursement, break-up fee,

---

[7] If the Stalking Horse Bidder is the Successful Bidder, objections to adequate assurance must be filed by the deadlines set forth in paragraph 20 hereof.

termination fee or other similar fee or payment in connection with the Sale or any other form of Bid Protections.

30. Except as otherwise provided in this Order or the Bidding Procedures, the Debtors further reserve the right as they may reasonably determine to be in the best interests of their estates (in consultation with the Committee and DIP Agent) to: (a) determine which bidders are Qualified Bidders; (b) determine which bid are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) extend the deadlines set forth herein; and/or (f) continue or cancel the Auction and/or Sale Hearing in open court without further notice.

31. All persons or entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the terms and conditions of the Assets, the Auction and any transaction contemplated herein.

32. This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

33. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h), 6006(d), 7062 or 9014) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

34. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

35.     Proper, timely, adequate and sufficient notice of the Sale Motion has been provided in accordance with and satisfaction of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and no other or further notice of the Sale Motion or the entry of this Order shall be required, except as provided herein.

36.     The Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order. All matters arising from or related to the implementation of this Order may be brought before the Court as a contested matter, without the necessity of commencing an adversary proceeding, unless required by Bankruptcy Rule 7001 to be brought as an adversary proceeding. To the extent any provisions of this Order shall be inconsistent with the Sale Motion or the Bidding Procedures, the terms of this Order shall control.

37.     Nothing in this Order or the Bidding Procedures is intended to, or shall have the effect of voiding, changing or otherwise modifying (i) the terms of the contract provisions of the GGSA (as defined below) or (ii) the rights of any parties-in-interest with respect to a dedication interest or covenants created by or arising under a gas gathering contract or other real property interest under applicable law, and all parties' rights shall be reserved with respect to the foregoing. Nothing included in the Bidding Procedures or this Order shall be deemed to be a determination of the validity, nature, extent, perfection, priority, avoidability, enforceability or effectiveness of any right, including contractual rights and rights of set-off and recoupment, covenants, claims, liens, interest or benefits that Eureka Midstream, LLC f/k/a Eureka Hunter Pipeline, LLC and EQM Gathering OPCO, LLC or any of their affiliates (collectively, "Eureka"), including, but not limited to, those (if any) that were granted to Eureka pursuant to (a) that certain Gas Gathering Services Agreement between EM Energy Ohio, LLC and Eureka

Hunter Pipeline, LLC, dated March 27, 2015 (the "GGSA") (b) any other agreement or contract between or among Eureka and any Debtor or (c) any state or federal law, and all parties' claims, defenses and rights shall be reserved with respect to the foregoing.

Dated: June 21, 2019
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE