

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
COSTA MESA, CA

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

**LOS ANGELES**
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**
FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

**COSTA MESA**
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**
FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

Laura Davis Jones        July 3, 2019        302.778.6401
                                             ljones@pszjlaw.com

*<u>VIA ECF FILING</u>*

The Honorable Judge John T. Dorsey
United States Bankruptcy Judge
United States Bankruptcy Court
District of Delaware
824 N. Market Street, 5th Floor
Wilmington DE   19801

Re:   In re:  EdgeMarc Energy Holdings, LLC, *et al.*
      <u>Case No. 19-11104 (JTD)</u>

Dear Judge Dorsey:

Our firm, together with Akerman LLP and Lynn Pinker Cox & Hurst, LLP represent ETC Northeast Pipeline LLC and Energy Transfer Partners, L.P. (collectively, "<u>Energy Transfer</u>") in the above referenced matter. Pursuant to 11 U.S.C. § 105(d)(2), Energy Transfer respectfully requests entry of an order setting a status conference for July 9, 2019 at 10:00 a.m. on Section 2(c) of the Bidding Procedures.[1]

Section 2(c) of the Bidding Procedures provides that:

On and after the date of entry of the Bidding Procedures Order, the Debtors will require that all communications between each Potential Bidder and ETC Northeast Pipeline LLC and/or Energy Transfer Partners (including any affiliates or subsidiaries of the foregoing) (collectively, "ET") concerning or relating to the Debtors or the Potential Bidder's Bid (i) if such communications are

---

[1] Other matters in these bankruptcy proceedings are currently scheduled to be heard on July 9, 2019 at 10:00 a.m. (Doc. No. 257).

DOCS_DE:224438.1 23761/001



The Honorable Judge John T. Dorsey
July 3, 2019
Page 2

in writing, copy steven.becker@evercore.com and marcel.hewamudalige@evercore.com and jyoung@conwaymackenzie.com, pjansen@conwaymackenzie.com, and jrwood@conwaymackenzie.com  and (ii) if such communications are oral or in-person, include (telephonically or in-person) as an observer a representative from Evercore and a representative from Conway Mackenzie, Inc. ("Conway").  Any Bid submitted by a Potential Bidder must include a certification that (I) the Potential Bidder has complied with this provision and (II) that all agreements or understandings between ET and the Potential Bidder related to the Bid or the Debtors have been disclosed and described in such Bid.

*See* Bid Procedures Order (Doc. No. 247).[2]

When contemplating the Bidding Procedures, and considering the need for "controlled or managed discussions" between potential bidders and Energy Transfer, Judge Shannon ordered that he wanted "the discussion to be not, necessarily, between you [Mr. Klein] and Mr. Stark, but, frankly, between the financial advisors for the ***two sides*** about what would work because they also know the community that they're dealing with and presumably they have sold assets in this space before." *See* June 17, 2019 Hearing Transcript, pp. 52-54. Judge Shannon further ordered the parties to confer and determine whether "some functional chaperoning" could be imposed without inflicting "damage" on the sale "process for various reasons."  *Id*. Judge Shannon also reserved the right for the Court to revisit the issue, in the event the chaperoning process was a "terrible idea." *Id.* at p. 54, lines 16-18.[3]

---

[2] The Court's *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Setting Procedures to Seek Stalking Horse Bid Protection, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (V) Approving Assumption and Assignment Procedures and (VI) Granting Related Relief* (Doc. No. 247) (the "Bid Procedures Order") was entered on June 21, 2019.
[3] The June 17, 2019 Hearing Transcript is attached as **Exhibit 1**.



The Honorable Judge John T. Dorsey
July 3, 2019
Page 3

    The Debtors and the Unsecured Creditors Committee unilaterally imposed the restrictive conditions of Section 2(c) upon Energy Transfer and submitted the Bid Procedures Order for entry without *any* prior consultation with Energy Transfer. Moreover, Section 2(c) does <u>not</u> represent "some functional chaperoning" carefully constructed to preserve the value of the Debtors' sale process as well as the rights of Energy Transfer, as envisioned by Judge Shannon. Instead, Section 2(c) as currently drafted includes the Debtors and Unsecured Creditors' Committee on every call, meeting, letter and email sent between Energy Transfer and parties seeking to engage in negotiations with Energy Transfer. Keeping these restrictions in place will only serve to impede and impair, not enhance, the Debtors' sale process.

    Energy Transfer is well aware of the time sensitive nature of the Debtors' sale process. As such, Energy Transfer has conferred in good faith with the Debtors, the Unsecured Creditors Committee, and their respective professionals in an effort to consensually resolve this issue. Nevertheless, Energy Transfer respectfully requests entry of an order setting a status conference for **July 9, 2019 at 10:00 a.m.** on Section 2(c) of the Bidding Procedures to further facilitate a speedy resolution of the matter.

                                        Respectfully,

                                        */s/ Laura Davis Jones*
                                    Laura Davis Jones, (DE Bar No. 2436)

LDJ/tpc