# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDGEMARC ENERGY HOLDINGS, LLC, *et al.*,[1] | Case No. 19-11104 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: January 29, 2020 at 4:00 p.m. (ET)** |

## SIXTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION OF SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2019 THROUGH NOVEMBER 30, 2019

| | |
|---|---|
| Name of Applicant: | Conway MacKenzie, Inc. |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | July 24, 2019 *Nunc Pro Tunc* to May 30, 2019 |
| Period for which compensation and reimbursement sought: | November 1, 2019 through November 30, 2019 |
| Amount of monthly fees to be approved as actual, reasonable and necessary: | $128,222.00 (80% = $102,577.60) |
| Amount of monthly expenses sought as actual, reasonable and necessary: | $0.00 |

This is a __X__ monthly ____ interim _____ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are, as follows: EdgeMarc Energy Holdings, LLC (6900), EM Energy Manager, LLC (5334), EM Energy Employer, LLC (8026), EM Energy Ohio, LLC (6935), EM Energy Pennsylvania, LLC (1541), EM Energy West Virginia, LLC (3771), EM Energy Keystone, LLC (7506), EM Energy Midstream Ohio, LLC (1268), and EM Energy Midstream Pennsylvania, LLC (3963). The Debtors' corporate headquarters and the mailing address is 1800 Main Street, Suite 220, Canonsburg, PA 15317.

Prior Applications:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| **Dated Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| August 7, 2019 Docket No. 453 | May 30, 2019 through June 30, 2019 | $342,273.00 (80.0%) $427,841.25 (100%) | $5,637.58 | $415,980.75 | $4,890.95 |
| August 30, 2019 Docket No. 544 | July 1, 2019 through July 31, 2019 | $254,765.60 (80.0%) $318,457.00 (100%) | $8,651.70 | $306,596.50 | $7,905.07 |
| September 26, 2019 Docket No. 625 | August 1, 2019 through August 31, 2019 | $423,944.60 (80.0%) $529,930.75 (100.0%) | $8,999.25 | $0.00 | $0.00 |
| October 16, 2019 Docket No. 665 | September 1, 2019 through September 30, 2019 | $527,260.20 (80.0%) $659,075.25 (100.0%) | $17,737.09 | $0.00 | $0.00 |
| November 25, 2019 Docket No. 756 | October 1, 2019 through October 31, 2019 | $161,620.40 (80.0%) $202,025.50 (100.0%) | $2,191.65 | $0.00 | $0.00 |

## MONTHLY COMPENSATION BY INDIVIDUAL

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| John T. Young, Jr. | Senior Managing Director | $1,185.00 | 56.5 | $66,952.50 |
| Paul F. Jansen | Managing Director | $970.00 | 41.3 | $40,061.00 |
| Ryan M. Landry | Director | $650.00 | 18.0 | $11,700.00 |
| Jeff R. Wood | Senior Associate | $570.00 | 2.5 | $1,425.00 |
| Chase G. Hood | Senior Associate | $480.00 | 3.6 | $1,728.00 |
| Bennett G. Notestine | Analyst | $435.00 | 14.3 | $6,220.50 |
| Natalie J. Klein | Administrative Assistant | $225.00 | 0.6 | $135.00 |
| **Total Hours and Fees** | | | **136.8** | **$128,222.00** |
| **Blended Rate** | | **$937.30** | | |

**MONTHLY COMPENSATION BY TASK CODE**

| Task Code | Hours | Amount |
|---|---:|---:|
| Asset Disposition | 80.8 | $82,138.00 |
| Business Analysis | 6.9 | $6,929.50 |
| Fee/Employment Applications | 14.6 | $7,188.00 |
| Hearing Attendance/Preparation | 4.1 | $2,574.50 |
| Plan and Disclosure Statement | 30.4 | $29,392.00 |
| **Total Hours and Fees** | **136.8** | **$128,222.00** |

**MONTHLY EXPENSE SUMMARY**

| Expense Category | Amount |
|---|---:|
| Airfare | $0.00 |
| Ground Transportation | $0.00 |
| Lodging | $0.00 |
| Travel Meals | $0.00 |
| **Total Out-of-Pocket Expenses** | **$0.00** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDGEMARC ENERGY HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11104 (JTD)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 29, 2020 at 4:00 p.m. (ET)** |

### SIXTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION OF SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2019 THROUGH NOVEMBER 30, 2019

Conway MacKenzie, Inc. ("Conway MacKenzie"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this *Sixth Monthly Application of Conway MacKenzie, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation of Services and Reimbursement of Expenses Incurred for the Period November 1, 2019 through November 30, 2019* (the "Application") for financial advisory services performed during the period commencing from November 1, 2019 through and including November 30, 2019 (the "Application Period"). In support of the Application, Conway MacKenzie respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are, as follows: EdgeMarc Energy Holdings, LLC (6900), EM Energy Manager, LLC (5334), EM Energy Employer, LLC (8026), EM Energy Ohio, LLC (6935), EM Energy Pennsylvania, LLC (1541), EM Energy West Virginia, LLC (3771), EM Energy Keystone, LLC (7506), EM Energy Midstream Ohio, LLC (1268), and EM Energy Midstream Pennsylvania, LLC (3963). The Debtors' corporate headquarters and the mailing address is 1800 Main Street, Suite 220, Canonsburg, PA 15317.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for relief requested herein are Bankruptcy Code sections 105(a), 330 and 331.

## BACKGROUND

3. On May 15, 2019 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On May 29, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 114].

6. On May 29, 2019, the Committee selected Brown Rudnick LLP ("Brown Rudnick") and Morris, Nichols, Arsht & Tunnell LLP ("MNAT") to serve as its co-counsels and Conway MacKenzie to be its financial advisor in these Chapter 11 Cases.

7. On June 17, 2019, the Court entered the *Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses for Professionals and Official Committee Members* [D.I. 210] (the "Interim Compensation Order").

8. On June 27, 2019, the Committee filed the *Application of the Official Committee of Unsecured Creditors Pursuant to Sections 328(a), 330 and 1103 of the Bankruptcy Code,*

2

*Federal Rules of Bankruptcy Procedure 2014(a) and 2016, and Local Rule 2014-1 for Authorization to Retain and Employ Conway MacKenzie, Inc. as Financial Advisor Nunc Pro Tunc to May 30, 2019* [D.I. 274] (the "CM Retention Application").

9. On July 24, 2019, this Court entered the *Order Authorizing the Employment and Retention of Conway MacKenzie, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, Nunc Pro Tunc to May 30, 2019* [D.I. 390].

**TERMS AND CONDITIONS OF COMPENSATION OF CONWAY MACKENZIE**

10. Subject to Court approval, Conway MacKenzie seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Conway MacKenzie during the Application Period. The rates charged by Conway MacKenzie in this case do not differ from the rates charged to Conway MacKenzie's non-bankruptcy clients.

11. A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Committee during the Application Period, the regular customary billing rates and the total value of time incurred by each of the Conway MacKenzie professionals rendering services to the Committee is attached hereto as Exhibit A. A copy of the time entries reflecting the time recorded for these services, organized by task code in accordance with the *U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines"), 28 C.F.R. pt. 58, app. A (1996), is attached hereto as Exhibit B. A statement of expenses incurred by Conway MacKenzie during the Application Period is attached hereto as Exhibit C. A statement of the detailed time entries by task code and professional is attached hereto as Exhibit

D. All time entries and requested expenses are in compliance with rule 2016-2 of the Local Rules.[2]

12.     Pursuant to the Interim Compensation Order, Conway MacKenzie and other professionals retained in this case are authorized to file and to serve upon the parties identified in the Interim Compensation Order monthly fee applications (a "Monthly Fee Application") of their fees and expenses. After the expiration of a twenty (20) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection has been lodged against specific fees and/or expenses, or the Court orders otherwise.

13.     In accordance with the Interim Compensation Order, Conway MacKenzie has filed and served upon the parties identified in the Interim Compensation Order this Application with respect to fees and expenses incurred during the Application Period; to with, fees in the amount of $128,222.00 and expenses in the amount of $0.00.

14.     All services and costs for which compensation is requested by Conway MacKenzie in this Application were reasonable and necessary and were performed for and on behalf of the Committee during the Application Period.

## SUMMARY OF FEES

15.     Professional services and disbursements for which compensation and reimbursement are sought were rendered and expended on behalf of the Committee pursuant to Chapter 11 of the Bankruptcy Code. Conway MacKenzie believes it is appropriate that it be compensated for the time spent and be reimbursed for the disbursements incurred in connection

---

[2] Conway MacKenzie has also made reasonable efforts to submit this Application in a manner consistent with the U.S. Trustee Guidelines. To the extent that the U.S. Trustee Guidelines conflict with the Local Rules, in particular, Local Rule 2016-2, Conway MacKenzie has chosen to comply with such Local Rule. Conway MacKenzie will supplement this Application with additional detail or information upon request.

with these matters. All of the fees and disbursements sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtors' estates and creditors.

16. All of the professional services that Conway MacKenzie rendered to the Committee during the Application Period are set forth in detail in Exhibit B, segregated according to project billing categories in accordance with the Revised UST Guidelines.

17. As described in more detail below, during the Application Period, Conway MacKenzie advised the Committee on a broad range of issues:

**A.** **Asset Disposition: (Total Hours: 80.8; Total Fees: $82,138.00).**

**18.** Included within this task code classification are services related to assets including, but not limited to:

    i. Assessing development plans and valuing the Debtors' assets;

    ii. Researching exploration and production market trends in order to determine attractiveness of the overall projects;

    iii. Analyzing, reviewing, and tracking various oil and gas assets, and leases;

    iv. Evaluating bids and performing analysis on contracts, assets, and liabilities assumed or rejected to assess whether or not a bid is considered qualified;

    v. Researching and preparing asset alternatives and midstream solutions to maximize value to the estate;

    vi. Working with the Debtors' advisors to understand post-petition obligations paid since the petition date, and analyzing remaining cash flow to ensure sufficient cash would be made available to pay in full all post-petition obligations; and

    vii. Meeting, discussing and corresponding with the Debtors' advisors regarding the

asset disposition processes and related matters.

**B.**   **Business Analysis: (Total Hours: 6.9; Total Fees: $6,929.50).**

19.   Included within this task code classification are services related to the Debtors' business including, but not limited to:

i. Analyzing changes in the Debtors' business plan prior to the pipeline explosion and post the pipeline explosion;

ii. Analyzing, reviewing, and summarizing Debtor provided documents and additional materials;

iii. Performing detailed analysis of pertinent documents and other materials;

iv. Providing certain financial analysis to support Committee Counsel statements;

v. Evaluating specific documents, as directed by Committee Counsel, produced by the Debtors; and

vi. Performing various other financial analyses of the Debtors' business plans and forecasts to provide facts to Committee Counsel.

**C.**   **Fee/Employment Applications: (Total Hours: 14.6; Total Fees: $7,188.00).**

20.   Included within this task code is time expended performing various functions directly related to compliance with the retention requirements of the Bankruptcy Code and other pertinent rules, including preparation of the retention documents and monthly fee applications.

**D.**   **Hearing Attendance/Preparation: (Total Hours: 4.1 Hours; Total Fees: $2,574.50).**

21.   Included within this task code is work performed related to preparation and attendance of court hearings, including but not limited to:

i. Detailed analysis of financial documents from the Debtors' and various lender parties in preparation for depositions;

ii. Discussing findings and analyses with Committee Counsel in preparation for

        depositions; and

   iii.    Attending various depositions.

**E.**    **Plan and Disclosure Statement: (Total Hours: 30.4 hours; Total Fees: $29,392.00).**

22. Included within this task code is time expended on evaluating and reviewing the Debtors' proposed Plan and Disclosure Statement. Time charged to this task code includes evaluating the treatment of creditors in the plan.

   i.    Preparing several analyses of potential recoveries from alternative uses of the Debtors' assets;

   ii.    Preparing settlement term sheets to maximize the estate's value;

   iii.    Meetings with different professional parties involved in the case to come up with a global resolution for the Butler assets;

   iv.    Preparing multiple cash flow forecasts based on different alternative uses of the Debtors' assets; and

   v.    Meeting with multiple operators in the region to discuss feasibility of alternative plan of reorganization scenarios.

## COMPENSATION REQUESTED

23. Conway MacKenzie expended 136.8 hours during the Application Period in furtherance of its efforts on behalf of the Committee. Conway MacKenzie requests allowance of compensation in the amount of $128,222.00 for financial advisory services rendered during the Application Period at a blended hourly rate of $937.30. The hourly blended for the Application Period is higher compared to previously monthly fee applications due to significant amount of senior level and specialized Conway MacKenzie personnel working on a settlement resolution. Pursuant to the Interim Compensation Order, Conway MacKenzie requests payment of 80% of

the total fees requested, or $102,577.60. None of the requested fees detailed herein have been paid.

## REIMBURSEMENT OF EXPENSES

24. During the Application Period, Conway MacKenzie incurred certain necessary expenses in rendering financial advisory services to the Committee as set forth in Exhibit C.[3]

25. Conway MacKenzie seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period for the total amount of $0.00.

## LEGAL STANDARD

26. Bankruptcy Code section 330(a)(1) allows the payment of: (a) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and (b) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). Reasonableness of compensation is informed by the "market-driven approach," which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. See *Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.,* 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

27. In accordance with its practices in non-bankruptcy matters, Conway MacKenzie has calculated its compensation requested in this Application by applying its standard hourly rates. Conway MacKenzie's calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in similar bankruptcy cases. Accordingly, Conway MacKenzie's rates should be determined to be reasonable under Bankruptcy Code section 330.

---

[3] Exhibit C sets forth in summary detail the expenses incurred during the Application Period.

28. Conway MacKenzie's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity, size and the extraordinary amount of work required at the outset of the Debtors' Chapter 11 cases. Conway MacKenzie's fees are commensurate with fees that other financial advisors of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, Conway MacKenzie's fees are reasonable pursuant to Bankruptcy Code section 330.

29. Bankruptcy Code section 330(a)(1)(B) permits reimbursement for actual and necessary expenses. Conway MacKenzie's financial advisory services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Committee. Conway MacKenzie has properly requested reimbursement of only actual, necessary and appropriate expenses.

30. Except as permitted by Bankruptcy Rule 2016, no agreement or understanding exists between Conway MacKenzie and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

31. Pursuant to the standards set forth in Bankruptcy Code sections 330 and 331, Conway MacKenzie submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

32. The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints under which Conway MacKenzie actually rendered these services. The considerable challenges

of this case have been attended to and managed by Conway MacKenzie at all levels, promptly, expertly, and often to the exclusion of other matters in Conway MacKenzie's office. Conway MacKenzie submits, therefore, that its fees and expenses were actually necessary, reasonable and justified, and should be allowed in full.

### NOTICE AND NO PRIOR REQUEST

**33.** Notice of this Application has been given to: (a) the Debtors; (b) Davis Polk & Wardwell LLP and Landis Rath & Cobb LLP, as co-counsel to the Debtors; (c) the U.S. Trustee; (d) Hunton Andrews Kurth LLP and Connolly Gallagher LLP, as counsel to KeyBank, N.A., the DIP agent and DIP lenders; (e) Brown Rudnick LLP and Morris, Nichols, Arsht & Tunnell LLP, as co-counsel to the Official Committee of Unsecured Creditors; (f) the Fee Examiner; and (g) all parties required to be given notice in the Interim Compensation order. Conway MacKenzie submits that no other or further notice is necessary.

34. No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, Conway MacKenzie respectfully requests that the Court (i) grant the Application and (ii) grant such further relief as is just and proper.

Dated:  January 9, 2020
        Wilmington, Delaware

**CONWAY MACKENZIE, INC**

By: *John T. Young, Jr.*
John T. Young, Jr.
909 Fannin Street, Suite 4000
Houston, TX. 77010
Telephone: (713) 650-0500
E-mail: JYoung@ConwayMacKenzie.com

*Financial Advisor to the Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDGEMARC ENERGY HOLDINGS, LLC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 19-11104 (JTD)<br><br>(Jointly Administered) |

## CERTIFICATION OF JOHN T. YOUNG, JR.

I, John T. Young, Jr. pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare as follows:

1.    I am a Senior Managing Director with Conway MacKenzie, Inc. ("Conway MacKenzie") and I am duly authorized to make this certification on behalf of Conway MacKenzie. Conway MacKenzie was retained by the Official Committee of Unsecured Creditors as financial advisor pursuant to an order of the Bankruptcy Court. This certification is made in support of the *Sixth Monthly Application of Conway MacKenzie, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation of Services and Reimbursement of Expenses Incurred for the Period November 1, 2019 through November 30, 2019* (the "Application") and in compliance with rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Rule 2016-2") of the Bankruptcy Court, and with the United States Trustee's

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are, as follows: EdgeMarc Energy Holdings, LLC (6900), EM Energy Manager, LLC (5334), EM Energy Employer, LLC (8026), EM Energy Ohio, LLC (6935), EM Energy Pennsylvania, LLC (1541), EM Energy West Virginia, LLC (3771), EM Energy Keystone, LLC (7506), EM Energy Midstream Ohio, LLC (1268), and EM Energy Midstream Pennsylvania, LLC (3963). The Debtors' corporate headquarters and the mailing address is 1800 Main Street, Suite 220, Canonsburg, PA 15317.

2

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines").

2. I have read the Application and I certify that the Application substantially complies with the Rule and the Revised UST Guidelines.

Dated: January 9, 2020  
Wilmington, Delaware

**CONWAY MACKENZIE, INC**

By: *John T. Young, Jr.*  
John T. Young, Jr.  
909 Fannin Street, Suite 4000  
Houston, TX. 77010  
Telephone: (713) 650-0500  
E-mail: JYoung@ConwayMacKenzie.com

*Financial Advisor to the Official Committee of Unsecured Creditors*