### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDGEMARC ENERGY HOLDINGS, LLC, *et al.*,[1] | Case No. 19-11104 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 7, 2020 at 10:00 a.m. (ET)**<br>**Proposed Objection Deadline: Prior to or at the hearing** |

### MOTION OF DEBTORS FOR ENTRY OF
### AN ORDER APPROVING THE STIPULATION BETWEEN THE DEBTORS
### AND ETC NORTHEAST PIPELINE, LLC PURSUANT TO SECTION 105(a)
### OF THE BANKRUPTCY CODE, RULE 9017 OF THE FEDERAL RULES OF
### BANKRUPTCY PROCEDURE, AND FEDERAL RULE OF EVIDENCE 502(d)

The above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through undersigned counsel, hereby submit this Motion (the "Motion"), pursuant to Section 105(a) of title 11 of the United States Code (as amended or modified the "Bankruptcy Code"), Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 502(d) of the Federal Rules of Evidence, and other applicable law and rules (the "Evidentiary Rules"), for entry of an order (the "502(d) Order") in the form attached hereto as **Exhibit A** evidencing and approving a stipulation regarding discovery attached hereto as **Exhibit B** (the "Stipulation") between the Debtors and ETC Northeast Pipeline, LLC ("ETC"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: EdgeMarc Energy Holdings, LLC (6900), EM Energy Manager, LLC (5334), EM Energy Employer, LLC (8026), EM Energy Ohio, LLC (6935), EM Energy Pennsylvania, LLC (1541), EM Energy West Virginia, LLC (3771), EM Energy Keystone, LLC (7506), EM Energy Midstream Ohio, LLC (1268), and EM Energy Midstream Pennsylvania, LLC (3963). The Debtors' corporate headquarters and mailing address is 1800 Main Street, Suite 220, Canonsburg, PA 15317.

## PRELIMINARY STATEMENT

1.     On January 24, 2020, the Debtors filed a Motion for Entry of an Order Approving the Settlement between the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), KeyBank National Association ("KeyBank"), and ETC (the "Settlement Motion") [D.I. 829].[2]

2.     The Settlement Motion seeks approval of the Settlement Agreement (as defined in the Settlement Motion) by and among the Debtors, the Committee, KeyBank, and ETC resolving numerous issues in the Chapter 11 Cases, ends expensive, lengthy litigation, and resolves the Debtors' cases with a meaningful recovery to creditors in a timely fashion for the benefit of all parties in interest.  The proposed compromise provides the framework for the consensual sale of the Debtors' Butler Assets, a plan of liquidation, and the distribution of the Debtors' assets to their creditors.

3.     As part of the compromises set forth in the Settlement Motion, and to facilitate discovery related to assignment of certain claims under the Settlement Agreement, ETC and the Debtors have stipulated to a document production and disclosure consistent with the Evidentiary Rules and embodied in the Settlement Agreement, and now seek the Court's approval of the Stipulation and entry of the 502(d) Order.

## JURISDICTION AND VENUE

4.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

---

[2] Unless otherwise defined herein, capitalized terms shall have the same meaning as those given in the Settlement Motion.

§ 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

5.      The legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Rule 9017 of the Bankruptcy Rules, Rule 502(d) of the Federal Rules of Evidence, and the Evidentiary Rules.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## **BACKGROUND**

7.      On May 15, 2019 (the "Petition Date"), the Debtors commenced the above-captioned Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

8.      The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

9.      On May 29, 2019, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1).

10.     The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Callum Streeter in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 3] (the "First Day Declaration") filed on the Petition Date.

11.     On May 14, 2019, GSCP VI EdgeMarc Holdings, L.L.C., GSCP VI Parallel EdgeMarc Holdings, L.L.C., WSEP and Bridge 2012 EdgeMarc Holdings, L.L.C., and EM

---

[3] Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Debtors and ETC hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Holdco LLC (collectively, the "Sponsor Entities") filed a three-count complaint against ETC in the Supreme Court of the State of New York, County of New York (the "New York State Court"), Index No. 652906/2019 (the "New York State Court Action").

12.     Thereafter, the Sponsor Entities and ETC agreed to transfer the New York State Court Action to this Court, wherein it was assigned Adversary Proceeding No. 19-50269-JTD (the "Adversary Proceeding").  Upon the Sponsor Entities' *Motion for Abstention and Remand* [Adv. Proc. Dkt. No. 35] and after briefing and oral argument, this Court granted the Sponsor Entities' request for the Court to abstain from hearing the New York State Court Action, and remanded the Adversary Proceeding to New York State Court. [Adv. Proc. Dkt. No. 68].

## THE STIPULATION

13.     Pursuant to the Settlement Agreement, the Debtors are assigning ETC all of the Debtors' and the Debtors' estates right, title, interest or estate in any demands, claims, or causes of action, if any, of the Debtors (collectively, the "Sponsor Claims") against the Sponsor Entities (the "Assignment").  Material to this Assignment, and an integral part of the Settlement Agreement, are the following agreed terms of a document production:

(a) The Debtors and ETC will agree to a disclosure consistent with Rule 502(d) of the Federal Rules of Evidence, to be documented in a stipulation and order (the "502(d) Order") that is reasonably acceptable to the Debtors and ETC, and that will be entered by the Court (or any other court of competent jurisdiction presiding over the Sponsor/ETC Adversary Proceeding or the Sponsor Claims).

(b) The documents disclosed under the 502(d) Order shall only be used in connection with Sponsor Claims, wherever adjudicated, or the defense of the claims in the Sponsor/ETC Adversary Proceeding (collective, the "Sponsor Proceedings"), whether litigated in the Court, as proceedings in New York State Court, or as proceedings in any other Federal or State Court with competent jurisdiction over such claims.

(c) The documents disclosed under the 502(d) Order will be treated as highly confidential, and all filings of any such documents or use of such documents at hearing or trial in any Sponsor Proceeding will be under seal.  For good cause

shown, ETC may seek modification of the confidentiality provisions of the 502(d) Order.

(d) The agreed disclosure will be limited in time to the dates September 10, 2018 through and including February 28, 2019.

(e) The agreed disclosure will be limited in scope to communications regarding the decisions or discussions of whether or not to terminate or modify the Existing ETC Agreements.

(f) The 502(d) Order shall not prevent any witness from testifying regarding information that is disclosed pursuant to the 502(d) Order.

(g) There will be no depositions of lawyers for any of the Debtors, unless required to prove the authenticity, hearsay exception or non-hearsay status of any document disclosed pursuant to the 502(d) Order, should stipulations or affidavits be insufficient.  ETC agrees that it shall not unreasonably withhold consent to a stipulation or affidavit regarding authenticity or hearsay.

(h) The documents associated with the agreed disclosure described herein will be turned over to ETC within twenty-one (21) days after the later of (i) entry of the 502(d) Order and (ii) the Settlement Agreement Effective Date.

(i) Neither the Debtors nor ETC will argue that the Order Granting Motion for Abstention and Remand [D.I. 68] of the Sponsor/ETC Adversary Proceeding, dated January 13, 2020 (the "Remand Order"), divests the Court of the authority to enter the 502(d) Order, divests another court of competent jurisdiction from entering the 502(d) Order, effectuates a waiver of any applicable privilege or immunity, or otherwise overrides or supersedes the provisions set forth in Section 11 of the Settlement Agreement.

Settlement Agreement, ¶ 11.

14.    This Motion is filed in furtherance of that agreement.

## **RELIEF REQUESTED**

15.    By this Motion and pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 9017, Rule 502(d) of the Federal Rules of Evidence, and the Evidentiary Rules, the Debtors seek entry of the 502(d) Order, substantially in the form attached hereto as Exhibit A, approving the Stipulation between the Debtors and ETC regarding production of documents.

**BASIS FOR RELIEF**

16.     Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" title 11.  *See* 11 U.S.C. § 105(a).

17.     Federal Rule of Evidence 502(d), made applicable to these Chapter 11 Cases by Bankruptcy Rule 9017, provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding."  FED. R. EV. 502(d).

18.     The documents to be provided by Debtors may include documents and information protected by the attorney-client privilege and attorney work-product doctrine. Therefore, under Federal Rule of Evidence Rule 502(d) and the Evidentiary Rules, the Debtors and ETC seek Court protections providing that the production shall not be deemed in any way to have waived any applicable privilege including attorney-client, work product, or any other privilege that may arguably apply to this matter.

19.     The Stipulation for entry into the 502(d) Order is an integral part of the Settlement Agreement.  The Stipulation and the 502(d) Order will facilitate the terms of the Settlement Agreement and allow ETC to evaluate and pursue the Sponsor Claims it acquired as part of the Settlement Agreement and the parties to any Sponsor Proceedings to obtain certain discovery outlined in the Settlement Agreement, while concurrently protecting the Debtors, their estates, and their counsel from waiving any applicable privileges.

20.     For all of the foregoing reasons, the Debtors respectfully submit that approval of the Stipulation and entry of the 502(d) Order is fair and reasonable and should be approved in its entirety.

## <u>NOTICE</u>

21.    The Debtors have provided notice of this Motion to the following, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors; (c) the Committee; (d) KeyBank; (e) the Sponsors; and (f) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

22.    No prior request for the relief sought herein has been made to this or any other Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Debtors respectfully request the Court enter the 502(d) Order in substantially the form attached hereto, and grant such other and further relief as the Court deems just and proper.

Dated: January 30, 2020
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kerri K. Mumford*
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  landis@lrclaw.com
       mumford@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**DAVIS POLK & WARDWELL LLP**
Darren S. Klein (admitted *pro hac vice*)
Lara Samet Buchwald (admitted *pro hac vice*)
Aryeh E. Falk (admitted *pro hac vice*)
Jonah A. Peppiatt (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:  darren.klein@davispolk.com
       lara.buchwald@davispolk.com
       aryeh.falk@davispolk.com
       jonah.peppiatt@davispolk.com

*Counsel to the Debtors and Debtors-In-Possession*