## Exhibit A

### Asset Purchase Agreement

The Asset Purchase Agreement Dated as of January 24, 2020, by and among EdgeMarc Energy Holdings, LLC, the EM Subsidiaries, and KB Oreo, LLC and KeyBank National Association as Administrative Agent is filed at D.I. 833 as <u>Exhibit A</u> thereto.

CONFIDENTIAL

Execution Version

### EDGEMARC ENERGY HOLDINGS, LLC
1800 Main Street, Suite 220
Canonsburg, PA 15317

February 6, 2020

KB OREO, LLC
702 West Idaho Street, 5th Floor
Boise, Idaho 83702
Attention: Dale Conder

Re:    Amendment to Asset Purchase Agreement

Ladies and Gentlemen:

Reference is made to that certain Asset Purchase Agreement, dated as of January 24, 2020 (as amended, restated, waived or otherwise modified from time to time, the "Agreement"), by and among EdgeMarc Energy Holdings, LLC, a Delaware limited liability company ("EdgeMarc"), the EM Subsidiaries set forth on Schedule 1.01(a) of the Agreement (collectively with EdgeMarc, "Sellers"), KB OREO, LLC, an Ohio limited liability company ("Buyer"), and KeyBank, National Association, in its capacity as Administrative Agent under the DIP Credit Agreement and for purposes of Sections 3.01, 4.05 and 13.07 of the Agreement. Capitalized terms used, but not otherwise defined, in this letter agreement (this "Amendment") shall have the meanings ascribed to them in the Agreement.

The Parties desire to make certain modifications to the Agreement as further set forth in this Amendment and to memorialize certain other agreements among themselves. Pursuant to Section 13.04 of the Agreement, the Agreement, including all exhibits thereto, may be amended, modified or supplemented, or the terms thereof waived, by a written agreement executed by all of the Parties. Accordingly, in consideration of the mutual agreements contained herein, the Parties hereby agree as follows:

1.    Amendments to Agreement.

a.    The Agreement is hereby amended by adding the following as Section 8.01(d) of the Agreement:

"(d) *Pennsylvania Impact Fees*. Notwithstanding anything in the Agreement to the contrary, (i) any impact fee under the Act 13 of Feb. 14, 2012, P.L. 87, 58 Pa. C.S. §§ 2301 – 3504 ("Pennsylvania Impact Fee") that is included in the Closing Statement as an adjustment to the Purchase Price pursuant to Section 2.1(c) of Appendix A shall be an Assumed Liability and (ii) if any Seller pays any such Pennsylvania Impact Fee after the Closing Date, such Seller shall provide to Buyer reasonably satisfactory documentation evidencing payment of such amount, and Buyer shall reimburse such Seller for such amount."

#9288821 0v7

b.      The Agreement is hereby amended by adding the following to Section 1.01 of the Agreement in its proper alphabetical order therein:

"**Pennsylvania Impact Fees**" has the meaning set forth in Section 8.01(d).

c.      Article 10 of the Agreement is hereby amended and restated in its entirety as follows:

"ARTICLE 10
CONDITIONS PRECEDENT TO THE OBLIGATION OF BUYER AND SELLERS TO CLOSE

The respective obligations of Buyer and Sellers to consummate the transactions contemplated by this Agreement are subject to the satisfaction or waiver in a joint writing by Buyer and Sellers (except for the conditions precedent set forth in Section 10.02, which shall not be waivable by the Parties other than with the prior written consent of the Committee), at or prior to the Closing, of each of the following conditions:

Section 10.01.  *No Order.*

There shall not be in effect any Order by a Governmental Authority of competent jurisdiction restraining, enjoining or otherwise prohibiting the consummation of the transactions contemplated hereby.

Section 10.02.  *9019/ETP Order*

The Bankruptcy Court shall have entered the 9019/ETP Order and the 9019/ETP Order shall be a Final Order and the effectiveness of such 9019/ETP Order shall not be stayed. For the avoidance of doubt, notwithstanding anything set forth in this Article 10 or anything else in this Agreement to the contrary, the requirement that the 9019/ETP Order be entered and be a Final Order: (i) shall be a condition precedent to the Closing and the consummation of the transactions contemplated under this Agreement; and (ii) shall not be waived or waivable by the Buyer, the Sellers, or any other Parties, other than with the prior written consent of the Committee. The Buyer, Sellers, and all other Parties expressly acknowledge and agree that the Committee is a third party beneficiary of and may enforce this Section 10.02."

d.      Exhibit A-1 of the Agreement is hereby amended by adding the Lease and Mineral Interest described below:

| Counterparty | Counterparty Notice Address | Debtor Entity | Contract Description | Cure Amount |
|---|---|---|---|---|
| Clifford James Edward Blauser | 182 Squaw Valley Rd. Parker, PA 16049 | EM Energy Pennsylvania, LLC | Amendment to Surface Use and Access Agreement Instrument # 202002030002192 | $0.00 |

#92888210v7

2.     No Other Amendments.  Except as otherwise expressly provided herein, all of the respective terms and conditions of the Agreement (including the Purchase Price) remain unchanged and continue in full force and effect.  This Amendment is limited precisely as written and shall not be deemed to be an amendment to any other term or condition of the Agreement or any of the documents referred to therein.

3.     Effect of Amendment.  This Amendment shall form a part of the Agreement for all purposes, and each Party shall be bound hereby.  From and after the execution of this Amendment by the Parties, any reference to the Agreement shall be deemed a reference to the Agreement as amended hereby.  This Amendment shall be deemed to be in full force and effect from and after the execution of this Amendment by the Parties.

4.     Amendment.  This Amendment may be amended, modified or supplemented only in writing signed by the Parties.

5.     Miscellaneous.  The provisions of Sections 13.07 (*Expenses*), 13.09 (*Governing Law, Consent to Jurisdiction and Venue; Jury Trial Waiver*) and 13.11 (*Parties in Interest; No Third Party Beneficiaries*) of the Agreement will apply to this Amendment *mutatis mutandis.*

6.     Counterparts.  This Amendment may be executed and delivered (including by electronic transmission) in one or more counterparts, and by the different Parties hereto in separate counterparts, each of which when executed shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.

(Signature pages follow)

IN WITNESS WHEREOF, the Parties have caused this Amendment to be executed and delivered by their duly authorized representatives, all as of the day and year first above written.

**EDGEMARC ENERGY HOLDINGS, LLC**

By: _____
Name: ALAN SHEPARD
Title: CFO

**EM SUBSIDIARIES:**

**EM Energy Manager, LLC**

By: _____
Name: ALAN SHEPARD
Title: CFO

**EM Energy Employer, LLC**

By: _____
Name: ALAN SHEPARD
Title: CFO

**EM Energy Ohio, LLC**

By: _____
Name: ALAN SHEPARD
Title: CFO

**EM Energy Pennsylvania, LLC**

By: _____
Name: ALAN SHEPARD
Title: CFO

**EM Energy West Virginia, LLC**

By: _____

Name: ALAN SHEPARD

Title: CFO


**EM Energy Midstream Ohio, LLC**

By: _____

Name: ALAN SHEPARD

Title: CFO


**EM Energy Midstream Pennsylvania, LLC**

By: _____

Name: ALAN SHEPARD

Title: CFO


**EM Energy Keystone, LLC**

By: _____

Name: ALAN SHEPARD

Title: CFO


[Signature Page to Amendment to Asset Purchase Agreement]

**KB OREO, LLC**

By: _____
Name: Dale Conder
Title:   Designated Signer

**KeyBank National Association,**
for the purposes set forth herein

By: _____
Name:   Dale Conder
Title:   Senior Vice President

Signature Page
Asset Purchase Agreement